This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Donald Battiste has appealed from his convictions in the Lorain County Court of Common Pleas for possession of cocaine and carrying a concealed weapon. This Court affirms in part, reverses in part, and remands for further proceedings.
 I.
{¶ 2} In December 2000, police conducted a traffic stop of Appellant. Officers arrested Appellant for driving with a suspended license and suspicion of driving under the influence of drugs and/or alcohol. The arresting officers handcuffed Appellant, and recovered an approximately six-inch-long pocket knife from his right front pants pocket. The officers then placed Appellant in the front seat of a police cruiser, and transported him to police headquarters. After Appellant exited the cruiser at the police station, officers recovered a plastic bag containing crack cocaine from the space between the seat cushion and the back rest where Appellant had been sitting.
{¶ 3} Appellant was subsequently indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A); one count of carrying a concealed weapon, in violation of R.C. 2923.12(A); and one count of driving while under a license suspension, in violation of R.C.4507.02(B)(1). Appellant waived his right to a jury trial, and the matter proceeded to trial before the court. The court found Appellant guilty of all charges, and sentenced him to concurrent terms of imprisonment of two years for possession of cocaine, six months for carrying a concealed weapon, and six months for driving while under suspension. Appellant has timely appealed, asserting two assignments of error.
 II. Assignment of Error Number One "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING APPELLANT GUILTY OF THE OFFENSE OF POSSESSION OF COCAINE."
{¶ 4} In his first assignment of error, Appellant has argued that his conviction for possession of cocaine is against the manifest weight of the evidence. Appellant has contended that the evidence adduced at trial failed to demonstrate that Appellant was ever in possession of the cocaine recovered from the police cruiser.
{¶ 5} In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
{¶ 6} An appellate court that overturns a judgment of a trial court as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins (1997),78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant.Otten, 33 Ohio App.3d at 340. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at 14, appeal not allowed (2000), 88 Ohio St.3d 1482. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
{¶ 7} R.C. 2925.11(A) provides: "No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.01(K) provides: "`Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
{¶ 8} "Possession may be actual or constructive." State v. Kobi
(1997), 122 Ohio App.3d 160, 174, appeal not allowed (1997),80 Ohio St.3d 1466. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." State v. Hankerson
(1982), 70 Ohio St.2d 87, syllabus, certiorari denied (1982), 459 U.S. 870,103 S.Ct. 155, 74 L.Ed.2d 130, citing State v. Wolery (1976),46 Ohio St.2d 316, certiorari denied (1976), 429 U.S. 932, 97 S.Ct. 339,50 L.Ed.2d 301. Furthermore, "readily useable drugs found in very close proximity to a defendant may constitute circumstantial evidence and support a conclusion that the defendant had constructive possession of such drugs." Kobi, 122 Ohio App.3d at 174.
{¶ 9} Officer Donald Sumpter of the Elyria Police Department testified that he conducted the traffic stop and arrested Appellant with the assistance of Officer Fairbanks, who had arrived as backup. Officer Sumpter stated that he cuffed Appellant's hands behind his back and searched him, and then walked him over to the police cruiser. The officer testified that he then moved his bag from the front seat into the back of the cruiser, and ran his hand "through the seat between the back rest and the seat cushion" to make sure there was no contraband where Appellant would be sitting. Officer Sumpter stated that he did not find anything as a result of this quick search of the cruiser's front seat.
{¶ 10} Officer Sumpter testified that he then placed Appellant in the front seat of the cruiser, but Appellant refused to sit in the seat. According to the officer, Appellant was partially standing above the seat with his back against the back rest, such that Officer Sumpter "had to physically push his stomach in to get him in the seat," and then buckled his safety belt. The officer testified that he then closed the passenger door of the cruiser, but Appellant continued to lift his body off the seat and shift his position. Officer Sumpter stated that he drove to the police station, where corrections officers took custody of Appellant. The officer further testified: "After [Appellant] left the vehicle, I immediately went to that seat, suspected that he had placed something in there. As soon as I looked at the seat, I could see the corner of a plastic bag sticking out right where I ran my hand and the rest of the seat. I pulled the bag out, and I found what I thought was crack cocaine." The substance later tested positive for crack cocaine.
{¶ 11} Based on Officer Sumpter's testimony, we cannot conclude that the trial court clearly lost its way or created a manifest miscarriage of justice in finding Appellant guilty of possession of cocaine. See State v. Brown, 10th Dist. No. 02AP-11, 2002-Ohio-5345, ¶ 16-17 (affirming conviction of a defendant for possession of crack cocaine found in the seat of the trooper's cruiser, where the trooper checked the seat for contraband before transporting the defendant); Statev. Primus, 10th Dist. No. 01AP-1296, 2002-Ohio-3258, ¶ 16, appeal not allowed (2002), 97 Ohio St.3d 1423, 2002-Ohio-5820 (concluding that, where officers checked their cruiser for contraband before arresting a defendant, "the jury could reasonably conclude that defendant had the crack cocaine in his possession before entering the cruiser and hid it in the backseat of the cruiser"). Appellant's first assignment of error is not well taken.
 Assignment of Error Number Two "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING APPELLANT GUILTY OF THE OFFENSE OF CARRYING A CONCEALED WEAPON."
{¶ 12} In his second assignment of error, Appellant has argued that his conviction for carrying a concealed weapon is against the manifest weight of the evidence. Appellant has contended that the state failed to prove that the pocketknife recovered from his person was a weapon.
{¶ 13} R.C. 2923.12(A) provides: "No person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance." "`Deadly weapon' means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). In State v. Cathel (1998), 127 Ohio App.3d 408,411, this Court stated that "a knife is not considered `in and of itself' to be a deadly weapon[.]" We further held that in order to convict a defendant of carrying a concealed weapon, "the state must prove either (1) that the knife was designed or specifically adapted for use as a weapon, or (2) that the defendant possessed, carried, or used the knife as a weapon." Id. at 412.
{¶ 14} In the case sub judice, our review of the record shows that there was no evidence before the court that the knife was designed or specifically adapted for use as a weapon, or that Appellant possessed, carried, or used the knife as a weapon. The state, moreover, has not argued that there was any such evidence presented at trial, and has conceded that our resolution of this assignment of error must conform to our decision in Cathel. Accordingly, Appellant's second assignment of error is well taken.
 III.
{¶ 15} Appellant's first assignment of error is overruled; his second assignment of error is sustained. The judgment of the trial court is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this decision.
SLABY, P.J. and BATCHELDER, J. CONCUR.